UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CHARLES EDWARD DYE

                                    CIVIL ACTION

VERSUS

                                    NUMBER 13-220-BAJ-SCR

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY


## NOTICE

     Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.

     In accordance with 28 U.S.C. §636(b)(1), you have 14 days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within 14 days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

     Baton Rouge, Louisiana, January 9, 2015.


                              STEPHEN C. RIEDLINGER
                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CHARLES EDWARD DYE

CIVIL ACTION

VERSUS

NUMBER 13-220-BAJ-SCR

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY


**MAGISTRATE JUDGE'S REPORT**

Plaintiff Charles Edward Dye brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner") denying his applications for disability insurance and supplemental security income benefits ("SSI").

Based on the applicable standard of review and the analysis which follows, the Commissioner's decision should be affirmed.


**Standard of Review**

Under § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91

S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers

from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. §§ 404.1520; 416.920. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations;[1] (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

The burden of proving disability rests on the claimant through the first four steps. At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work. If the claimant shows at step four that he is no longer capable of

---

[1] Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. §§ 404.1525; 416.925.

performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra. If the Commissioner meets this burden the claimant must then show that he cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

### Background and Claims of Error

Plaintiff was 50 years old at the time of the administrative law judge's ("ALJ") decision.[2] Plaintiff went to school through the ninth grade, and had been employed in the past as a hotel front desk clerk, tool pusher supervisor and a truck driver. AR pp. 32, 144, 156-58, 164, 175-78, 191. In his applications for disability and SSI benefits, the plaintiff alleged that as of December 31, 2009 he was disabled and no longer able to work because of a back disorder and degenerative disc disease. AR pp. 119-28. Plaintiff's back impairment was a result of a fall he sustained on the job in February 1985. The injury required multiple back surgeries and the plaintiff could not return to work until 1990. AR pp. 35-37, 243, 271.

Plaintiff's application was denied at the initial stages. Plaintiff requested an ALJ hearing, after which the ALJ issued an

---

[2] Plaintiff's age placed him in the category of "person closely approaching advanced age." 20 C.F.R. §§ 404.1563(d); 416.963(d).

unfavorable decision. AR pp. 80, 15-61.[3] The ALJ found at the second step that the plaintiff had a combination of severe impairments - obesity,[4] and degenerative disc disease of the lumbar spine status post open reduction internal fixation surgery.[5] AR p. 18. At the third step the ALJ concluded the plaintiff's combination of severe impairments did not meet or medically equal the severity any listed impairment at step three.[6] AR pp. 18-19.

The ALJ then evaluated the plaintiff's residual functional capacity ("RFC") to determine whether, despite his severe impairments, the plaintiff was able to do any of his past relevant

---

[3] Plaintiff exhausted his administrative remedies before filing this action for judicial review. The ALJ's decision is the Commissioner's final decision for purposes of judicial review.

[4] In May 2010 the plaintiff weighed 283 pounds. Plaintiff's height is approximately 69 inches. AR pp. 64, 238. However, after a discussion with his treating physician, Dr. Ben Yarbrough, the plaintiff was able to lose weight and his weight in February 2011 was 228 pounds. AR pp. 37-38, 235, 238. The ALJ's decision reflects that she properly considered the effects of the plaintiff's obesity impairment in accordance with the applicable law and regulations. AR p. 22. *See*, Listing 1.00.Q.; Listing 3.00.I.; Listing 4.00.F; SSR 02-01p, Evaluation of Obesity, 2000 WL 628049 (S.S.A. Sept. 12, 2002); *Weary v. Astrue*, 288 Fed.Appx. 961 (5th Cir. 2008).

[5] The ALJ found the plaintiff's hypertension and recent closed head trauma were not severe under the standard of *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985). AR pp. 18, 43-45, 229-31, 265. Plaintiff did not contest this finding in his appeal.

[6] In his appeal the plaintiff did not assert any ALJ error at the third step.

work or other work in the national economy.[7]  The ALJ found that the plaintiff had the ability to perform light work, except that the plaintiff had several postural limitations and other nonexertional limitations.[8]  AR p. 19.  Given this RFC, and based on the testimony of vocational expert Harris Rowzie, the ALJ concluded that the plaintiff was able to engage in his past relevant work as a front desk clerk as it is actually and generally performed in the national economy.  AR pp. 22-23.  However, the ALJ also made an alternative finding at step five.  Considering the plaintiff's age, education and work experience and RFC, the ALJ again relied on Rowzie's vocational testimony and found that the plaintiff would be able to make a successful adjustment to other work as a cashier, and this job exists in significant numbers in the national economy.  Therefore, the ALJ determined at the fifth step that the plaintiff was not disabled.[9]  AR pp. 22-24, 56-58.

---

[7] Residual functional capacity is a measure of a claimant's capacity to do physical and mental work activities on a regular and sustained basis.  It is the foundation of the findings at steps four and five. 20 C.F.R. §§ 404.1545; 416.945.

[8] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. §§ 404.1567(b); 416.967(b).

[9] Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country; when there is a
(continued...)

Plaintiff argued that numerous administrative errors require reversal and remand under sentence four of § 405(g). With regard to the ALJ's RFC finding, the plaintiff argued: (1) the ALJ improperly evaluated his credibility and the ALJ's credibility finding was not supported by substantial evidence; (2) the ALJ improperly weighed the opinions of his treating physician, Dr. Ben Yarbrough; and, (3) these errors resulted in an RFC finding that is not supported by substantial evidence. With regard to the vocational evidence relied on by the ALJ, the plaintiff argued it was not reliable or sufficient to support the ALJ's findings at the fourth and fifth steps of the disability analysis. Plaintiff also argued his claim should be remanded to the Commissioner under the second clause of sentence six of 42 U.S.C. § 405(g) for consideration of new and material evidence that was submitted to the Appeals Council - a letter dated July 10, 2012 about his job duties as a hotel front desk clerk. AR p. 220.

---

[9](...continued)
significant number of jobs, in one or more occupations, having requirements which the claimant is able to meet with his physical or mental abilities and qualifications. It does not matter whether work exists in the immediate area in which the claimant lives, a specific job vacancy exists for the claimant, or the claimant would be hired if he applied for work. However, isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where the claimant lives are not considered work which exists in the national economy. 20 C.F.R. §§ 404.1566(a); 416.966(a).

## Analysis

**The requirements for remand under the second clause of sentence six of 42 U.S.C. § 405(g) are not met.**

Plaintiff essentially argued that the supervisor's letter dated July 10, 2012 was new and material evidence requiring remand because it was submitted to the Appeals Council after the ALJ's decision. According to the plaintiff, if the ALJ had been provided the evidence, the ALJ could have supplied it to the vocational expert on whose testimony the ALJ relied at the fourth and fifth steps. Therefore, the letter not being considered by the ALJ deprived the vocational expert of a complete record on which to form his opinion.

Plaintiff's argument is wholly unpersuasive. The law governing sentence six remands for consideration of new and material evidence is well established. The applicable portion of sentence six of § 405(g) provides, in pertinent part, that the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." To justify such a remand the evidence must be (1) new, (2) material, and (3) good cause must be shown for the failure to incorporate the evidence into the record in the original proceeding. *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994);

*Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Under these standards the plaintiff clearly has not shown that the letter is new evidence. New evidence, for the purpose or ordering a sentence six remand, is evidence that was not presented when the claim was before the agency, and is presented for the first time on judicial review.[10]

The letter stated it was from the plaintiff's supervisor at the hotel where he was employed at the front desk. The letter explained the duties and requirements of the position. The letter was submitted to the agency and it was considered by the Appeals Council.[11] The Appeals Council considered the evidence and denied review. Therefore, the evidence is a part of the administrative record and was taken into account by the Commissioner. Even accepting the plaintiff's argument that the evidence is new because it was not before the ALJ, the plaintiff did not offer any information to show that there was good cause for not providing the letter earlier in the proceedings so the ALJ could have considered it. The letter was signed by "Angie Dye." AR p. 220. As noted by the Commissioner and as stated in the plaintiff's application for benefits, the plaintiff's spouse is Angela Poole Dye. AR p. 122.

_____

[10] *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 2629 (1993); *Rodriquez v. Barnhart*, 252 F.Supp.2d 329, 335-36 (N.D. Tex. 2003).

[11] The letter dated July 10, 2012 was listed by the Appeals Council as an additional exhibit, which was made a part of the record. AR pp. 1-4.

Because the letter was apparently provided by the plaintiff's spouse, the failure to provide it until six months after the ALJ issued her decision clearly called for some explanation. Plaintiff offered none.

**The ALJ did not commit legal errors in determining the plaintiff's RFC and the finding was supported by substantial evidence.**

Plaintiff argued that the ALJ did not apply the proper legal standards in evaluating his credibility and the opinions of Dr. Yarbrough. Consequently, plaintiff argued, the ALJ's RFC finding was not supported by substantial evidence.

The record as a whole shows that this claim of error is not supported by the record or the applicable law. The ALJ found that the plaintiff had the following RFC:

> the ability to perform light work, except that he could never climb ropes, ladders or scaffolds; could occasionally climb ramps and stairs, stoop, kneel, crouch, or crawl; must avoid work at unprotected heights or with dangerous moving machinery, and be allowed to alternate between sitting and standing at will during the workday.

AR p. 19.

Review of the administrative record as a whole demonstrates that this RFC is supported by substantial evidence. Dr. Barry F. Tillman performed a consultative examination of the plaintiff on March 16, 2011. Dr. Tillman acknowledged the plaintiff's back condition which resulted in mechanical low back pain and decreased range of motion. Nevertheless, he noted many normal findings on

physical examination: (1) a normal station and gait; (2) normal handgrip, dexterity and fine motor movements; (3) no pain with straight leg raising and no focal neurological changes; (4) the ability to dress and undress and rise to and from the examining table without assistance; and, (5) spinal x-rays which showed the fixation device surgically placed at L4-L5 was in good position and alignment, and minimal narrowing at L5-S1.   AR pp. 243-44. Notations in the medical records in 2008, 2009, 2010 and 2011 indicated the absence of any acute changes, distress or problems in the plaintiff's condition or ambulation.   AR pp. 221-22, 240-41, 265-67, 269.   Based on the plaintiff's function report and hearing testimony, the plaintiff stated he was able to perform the following daily activities – cutting grass once a week for 45 minutes using a riding lawn mower, performing back exercises, going out alone, walking and driving, and walking a mile a day, with stopping a couple of times to bend and stretch by squatting. Plaintiff also acknowledged that with his weight loss he has less back pain, and did not need a cane or walker.   State agency medical consultant Dr. A. Edward Dean reviewed the evidence and evaluated the plaintiff's ability to perform work-related activities in an assessment dated March 22, 2011.   AR pp. 64-77.   After his review he rendered an opinion that the plaintiff was partially credible and had a medium RFC with no postural or other nonexertional

limitations.[12]

The evidence above, considered as a whole, is more than substantial evidence to support the ALJ's RFC determination.[13] The fact that the plaintiff can cite some evidence in the record which supports his position does not negate the existence of substantial evidence to support the ALJ's finding.

Nor did the plaintiff establish any legal error in the ALJ's analysis of his RFC. First, the plaintiff argued that the ALJ improperly rejected the opinions of his treating physician, Dr. Yarbrough. Although the opinion and diagnosis of a treating physician should generally be given considerable weight in determining disability, it is well established that a treating physician's opinions are not conclusive and may be assigned little or no weight when good cause is shown. The ALJ may discount the weight of a treating doctor's medical opinion when it is conclusory, unsupported by medically acceptable clinical, laboratory or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir.

_____

[12] Under the regulations, if someone can do medium work, he can also do light and sedentary work.

[13] Contrary to the plaintiff's argument, this case is not like *Williams v. Astrue*, 355 Fed. Appx. 828 (5th Cir. 2009) or *Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995). This analysis shows that the ALJ's RFC finding was not based on speculation or her own unsupported medical opinions about what the plaintiff could and could not do, but based on objective evidence from the medical reports/opinions of Drs. Tillman and Dean and the plaintiff's daily activities.

2000).  An ALJ is free to reject the medical opinion of any physician when the evidence supports a contrary conclusion. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981).

The regulations also state that when the ALJ finds the medical opinion is not entitled to controlling weight, certain factors should be considered in deciding how much weight to give the opinion.  These factors include the length of treatment, the consistency of the opinion with the record as a whole, and the treating physician's specialization.  20 C.F.R. § 404.1527(c) and (d); 20 C.F.R. §§ 416.927(c) and (d); *Newton*, 209 F.3d at 458. Nevertheless, the ALJ need not consider each of the factors where there is competing first-hand medical evidence and the ALJ finds that one doctor's opinion is more well-founded than another.  *Id.; Walker v. Barnhart*, 158 Fed.Appx. 534 (5th Cir. 2005).

A medical sources's opinions on some issues are not medical opinions, but are instead "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e. that would direct the determination or decision of disability."  20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d).  Thus, a treating source's statement or opinion that the claimant is "disabled" or "unable to work," is not a medical opinion, but a legal conclusion on an issue reserved to the Commissioner.  The factors set out in the regulations apply only to medical opinions, not opinions reserved to the Commissioner.  20

13

C.F.R. § 404.1527(d)(1)-(3); 20 C.F.R. § 416.927(d)(1)-(3); *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

Insofar as Dr. Yarbrough stated his opinion that the plaintiff was unable to work a 40-hour week, under the regulations above this statement is not considered a medical opinion; it is a legal conclusion on an issue reserved to the Commissioner. Therefore, the ALJ was not required to give the opinion any special significance or weight. Because there was competing first-hand medical evidence, the ALJ also was not required to evaluate Dr. Yarbrough's opinions using all the factors in the regulations. Nevertheless, the ALJ adequately explained how she considered Dr. Yarbrough's opinions, and her conclusions were supported by substantial evidence.

As explained by the ALJ and acknowledged by the plaintiff,[14] there was good cause not to credit Dr. Yarbrough's opinions regarding the plaintiff's limitations on standing, walking and sitting: his treatment records did not contain the objective findings that supported the limitations. The limitations stated by Dr. Yarbrough were also inconsistent with the other evidence of record, such as the findings of consulting examiner Dr. Tillman and the plaintiff's own report of his daily activities. AR pp. 19-22. The ALJ's consideration of Dr. Yarbrough's opinions complied with the regulations, and her decision not to give them significant

_____

[14] Record document number 13, Statement of Errors, p. 11.

weight was supported by substantial evidence.[15]

Plaintiff also argued that the ALJ's RFC anaysis and finding cannot be upheld because it is based on a flawed and unsupported assessment of his credibility.

Again, this argument is unsupported. Under the regulations and applicable legal standards, the ALJ must consider a claimant's subjective complaints, but may find that those complaints are not credible or are exaggerated. The ALJ is not required to give subjective evidence precedence over objective evidence. 20 C.F.R. §§ 404.1529 and 416.929; 20 C.F.R. §§ 404.1527 and 416.927; Social Security Ruling 96-7p;[16] *Anthony v. Sullivan,* 954 F.2d 289, 295-96 (5th Cir. 1992); *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001); *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).

Review of the ALJ's decision and the record as a whole demonstrates that the ALJ cited and properly applied the applicable

---

[15] Plaintiff's assertion that the ALJ improperly ignored and "rejected wholesale" Dr. Yarbrough's opinions is also not supported by a plain reading of the ALJ's decision. The ALJ's statement that "no particular weight" was given to Dr. Yarbrough's opinions was a reference to the doctor's statement on the plaintiff's inability to work. AR p. 21. Under the regulations such statements are not medical opinions; they are legal conclusions reserved to the Commissioner. Furthermore, it is clear from the ALJ's decision that she fully considered the medical records and Dr. Yarbrough's opinions, but she did not give them significant weight because they were not supported by sufficient objective findings in his own treatment notes and the other objective evidence contained in the record.

[16] TITLES II AND XVI: EVALUATION OF SYMPTOMS IN DISABILITY CLAIMS: ASSESSING THE CREDIBILITY OF AN INDIVIDUAL'S STATEMENTS, SSR 96-7p, 1996 WL 374186 (S.S.A. July 2, 1996).

legal standards in evaluating the plaintiff's credibility, and that her conclusion was supported by substantial evidence.

In her decision, the ALJ cited the governing regulations and correctly applied them by examining the plaintiff's subjective complaints in light of the medical records of the plaintiff's treatment, his daily activities, and the medical source statements contained in the record. AR pp. 32-34. The ALJ did not wholly reject the plaintiff's allegations of pain and limitations. Rather, she credited them, but only to the extent she found his complaints consistent with the objective evidence. This finding is supported by substantial evidence - the same evidence cited above in the analysis of the ALJ's RFC determination.

To the extent the plaintiff argued that the ALJ incorrectly determined his RFC before determining his credibility, a review of the ALJ's decision and SSR 96-8p demonstrates that this argument is without merit. It is obvious from the ALJ's decision that the ALJ recited her RFC finding, but then discussed and analyzed all the relevant evidence that lead her to that finding in accordance with SSR 96-8p.[17] As part of this RFC analysis the ALJ properly considered and assessed the plaintiff's credibility. Plaintiff's complaint that the ALJ's decision somehow failed to follow SSR 96-8p is not supported by the record. Even if there was some failure

---

[17] TITLES II AND XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, SSR 96-8p, 1996 WL 374184 (S.S.A. July 2, 1996).

to comply with this Social Security Ruling, such error is harmless. Plaintiff did not explain how the error was prejudicial or resulted in a lack of substantial evidence to support the ALJ's RFC determination.[18]

**The ALJ did not commit error in relying on the vocational expert's testimony, and that testimony constituted substantial evidence to support the ALJ's findings at steps four and five.**

Plaintiff argued there was a clear conflict between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT"), which conflict the ALJ failed to resolve as required by SSR 00-4p. Plaintiff also argued that the expert's testimony did not have the indicia of reliability necessary to support the ALJ's conclusions.

Plaintiff's arguments are not supported by the record or the applicable law. Accepting the plaintiff's argument that there was some conflict between the expert's testimony and the DOT, the conflict was not unresolved and there was a reasonable explanation for it. As pointed out by the plaintiff, the DOT does not cover or

_____

[18] The primary policy underlying the harmless error rule is to preserve judgments and avoid waste of time. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988). Thus, procedural perfection in administrative proceedings is not required. A judgment will not be vacated unless the substantial rights of a party have been affected. Procedural improprieties constitute a basis for remand only if they would cast into doubt the existence of substantial evidence to support the ALJ's decision. *Id.; Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988). A harmless error analysis applies to when an ALJ fails to comply with a regulation or Social Security Ruling. *See*, *Oderbert v. Barnhart*, 413 F.Supp.2d 800, 805 (E.D. Tex. 2006).

address the sit/stand option with regard to the occupations of desk clerk or cashier.  It is in these circumstances that the testimony of a vocational expert is both needed and required.  The Social Security Ruling cited by the plaintiff, SSR 00-4p, and the case law support the conclusion that the ALJ did not fail to resolve an apparent or implied conflict, or that she improperly rely on the expert's testimony.

Social Security Ruling 00-4p specifically states that it is a reasonable to rely on evidence from a vocational expert, rather than the DOT, when the information is not listed in the DOT.  It states in relevant part:

> The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific setting. A VE, VS, or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT.

This is consistent with the well-established case law of the Fifth Circuit which mandates that the ALJ must obtain and rely on the services of a vocational expert or similar evidence when the claimant suffers from additional limitations that make the Medical-Vocational Guidelines inapplicable.  *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986); *Vaughn v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995). The cases recognize that the DOT is not comprehensive, and it cannot and does not purport to include each and every specific skill or qualification for a particular job.  This is the value of

a vocational expert - familiarity with the specific requirements of a particular job, including the working conditions and the attributes and skills needed to perform it. *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000). Consequently, DOT job descriptions should not be given a role that is exclusive of more specific vocational expert testimony with respect to the effect of an individual claimant's limitations on his or her ability to perform a particular job. When there is some implied or indirect conflict between the expert's testimony and the DOT, the ALJ may rely on the vocational expert's testimony provided that the record reflects an adequate basis for doing so. *Id.; Laurent v. Astrue,* 366 Fed.Appx. 559 (5th Cir. 2010).

Contrary to the plaintiff's assertions, the record reflects an adequate basis for the ALJ to rely on the expert's testimony at the final steps of the disability analysis. Because the plaintiff had postural and other nonexertional limitations, the ALJ could not rely on the Medical-Vocational Guidelines and properly obtained vocational expert evidence from Rowzie. At the hearing the ALJ presented Rowzie with a hypothetical question, which reasonably incorporated all the plaintiff's impairments and limitations recognized by the ALJ in her RFC finding. Rowzie testified that the plaintiff would be able to perform the desk clerk job he had done in the past and the alternative job of cashier, which existed in significant numbers in the national economy. Plaintiff's

attorney had a full opportunity to question the expert. In response to the attorney's questions, Rowzie stated that his testimony was based on his general experience as a vocational rehabilitation counselor doing job analysis and job placement in the labor market. This is an adequate basis for the ALJ to consider Rowzie's testimony reliable and to rely on it at steps four and five.

Plaintiff's argument that the ALJ did not have an adequate basis for relying on the expert's testimony, because he did not cite empirical data, studies, or statistics to support his answers, is simply unsupported. The case law cited by the plaintiff is not controlling or persuasive - the cases either did not involve judicial review of a benefits denial under § 405(g), or did not involve facts and issues similar to those presented in this case.[19] In addition, SSR 00-4p clearly indicates that information about particular job requirements or occupations not listed in the DOT, and provided from a vocational expert based on his experience, is

---

[19] Plaintiff cited an immigration case from the Seventh Circuit, and stated the court found that the spirit of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993) applies to administrative proceedings. Plaintiff then asserted, without citing any authority, that "[a]ll vocational expert testimony must be weighed against this evidentiary standard." To the extent the plaintiff is arguing that the ALJ erred by not applying the standards of *Daubert* to her consideration of the vocational evidence presented at the hearing, that argument is without merit. *Daubert* applies to Rule 702, Fed.R.Evid. The Federal Rules of Evidence do not apply in Social Security proceedings. *See*, *Gillespie v. Astrue*, 2014 WL 1168872 (W.D. La. March 21, 2014).

a reliable source.  It states that such information "may be available in other reliable publications, information obtained directly from employers, or from a VE's or VS's experience in job placement or career counseling."  In his examination of Rowzie at the ALJ hearing, the plaintiff's counsel did not suggest or demonstrate the existence of any information, data, studies, or statistics that would contradict or question the reliability of the expert's testimony.

Finally, the plaintiff also argued that based on his own description of his past relevant work, the ALJ, relying on Rowzie's testimony, mischaracterized his past work of front desk clerk. However, it is well-established that at the fourth step a determination of whether a claimant can do his or her past relevant work may rest on descriptions of past work as actually performed or as generally performed in the national economy.[20]  Rowzies's response that there were past relevant jobs the plaintiff could do was based on a description of the job as generally performed in the national economy.  AR pp. 54-58.

In summary, Rowzie's vocational testimony constitutes substantial evidence to support the ALJ's findings at the fourth and fifth steps.

---

[20] 20 C.F.R. §§ 404.1560(b)(2) and 416.960(b)(2); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); *Khawaja v. Shalala*, 20 F.3d 1170 (5th Cir. 1994); *Cooper v. Barnhart*, 55 Fed. Appx. 716 (5th Cir. 2002); *Alexander v. Astrue*, 412 Fed.Appx. 719 (5th Cir. 2011).

**Conclusion**

The analysis above demonstrates that the plaintiff's claims of reversible error are without merit.  The record considered as a whole supports finding that the ALJ applied the proper legal standards and substantial evidence supports her determination that the plaintiff is not disabled.

**<u>RECOMMENDATION</u>**

It is the recommendation of the magistrate judge that under sentence four of 42 U.S.C. § 405(g), the final decision of the Acting Commissioner of Social Security Carolyn W. Colvin, denying the applications for disability and supplemental security income benefits filed by plaintiff Charles Edward Dye, be affirmed and this action be dismissed.

Baton Rouge, Louisiana, January 9, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE